UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARTHUR VAUGHN HARRIS,

    Plaintiff,

v.                                            Case No.  6:22-cv-1155-RBD-DCI

LISA DAVIDSON, PATRICK
ARNOLD LEPORE and AMY
TUCKER MCLAUGHLIN,

    Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court on Plaintiff's civil rights Complaint (Doc. 1), filed under 42 U.S.C. § 1983.

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed.  This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996); *see* H.R. Rep. No. 104-378, 104th Cong., 1st Sess. 166.  The Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e).  Upon review, Plaintiff's claims are due to be dismissed.

First, Plaintiff filed his complaint without using the standard form, as required by Local Rule 6.04(a), M.D. Fla.

Second, Plaintiff, a pretrial detainee, sues the following individuals in connection with the criminal proceedings against him in state court: The Honorable Lisa Davidson, Public Defender Patrick Arnold Lepore, and Prosecutor Amy Tucker McLaughlin. Among other things, he claims the bond set by Judge Davidson was excessive, his defense counsel waived his right to a speedy trial without his consent, and the prosecutor elicited false testimony from a witness. (Doc. 1 at 3–5).

However, a judge is entitled to absolute immunity for acts taken while "in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation and internal quotation marks omitted)). Further, "[a] judge enjoys immunity for judicial acts regardless of whether he made a mistake, acted maliciously, or exceeded his authority." *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018). Here, the face of the complaint demonstrates Judge Davison set Plaintiff's bond while acting in her judicial capacity, and Plaintiff does not allege that she lacked jurisdiction to preside over his case. Similarly, a prosecutor is immune from suit under section 1983 for an action — such as, in this case, eliciting testimony from a witness — undertaken while performing prosecutorial duties. *See Kalina v. Fletcher*, 522 U.S.

118 (1997); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  Consequently, the claims against Judge Davidson and Ms. McLaughlin are dismissed.

As for the claim against Mr. Lepore, "Section 1983 provides judicial remedies to a claimant who can prove that a person acting *under color of state law* committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *See Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995) (emphasis added). Defense attorneys are not state actors who can be held liable under Section 1983.  *See Holt v. Crist*, 233 F. App'x 900, 903 (11th Cir. 2007).  Therefore, the claim against Mr. Lepore is dismissed.

Finally, Plaintiff mentions in the "Injuries" section that he "sustained a broken shoulder when the deputies slammed me on my left shoulder after complaining about pain in my left side due to accident." (Doc. 1 at 5).  To the extent the allegation may be construed as an attempt to state a separate claim for relief, he does not name any of the deputies or anyone else related to the incident as defendants in this case.  Where the claims are not related to the same defendant or the same basic issue or incident, *see* Fed. R. Civ. P. 18(a), 20(a)(2), each claim must be addressed in a separate complaint.  If Plaintiff desires to proceed on a claim related to his broken shoulder, he must do so by filing his allegations in new

complaint (using a standard complaint form), to which the Clerk will assign a new case number.

Accordingly, it is **ORDERED** that:

1. The complaint (Doc. 1) is **DISMISSED without prejudice**, as leave to amend would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

2. The Clerk must mail to Plaintiff a blank prisoner civil rights complaint form, terminate any pending motions, and **CLOSE** this case.

**DONE** and **ORDERED** in Orlando, Florida on November 18, 2022.



ROY B. DALTON JR.
United States District Judge

Copies furnished to:
Unrepresented Party

4